UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VERNON LEE PUGH                                              CIVIL NO. 06-2689 (PAM/JSM)

    Petitioner,

v.                                                           <u>REPORT AND RECOMMENDATION</u>

STATE OF MINNESOTA,

    Respondent.

This matter is before the undersigned United States Magistrate Judge on Vernon Lee Pugh's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1]. On July 17, 2006, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus [Docket No. 7] on the grounds that Petitioner had failed to exhausted all available state court remedies. This matter was decided on the written submissions of the parties.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons discussed below, it is recommended that Vernon Lee Pugh's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE**.

**DISCUSSION**

Petitioner, Vernon Lee Pugh, was charged and convicted by a jury in Olmsted County District Court with two counts of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.34, subd. 1(a) and § 609.342, subd. 1(h)(iii). Judge Joseph F. Wieners sentenced Petitioner on the violation of § 609.342, subd. 1(h)(iii), to 180 months in prison, which was a 36-month upward departure from the 144-month presumptive sentence.

As a part of his Petition, Petitioner argued that the cumulative evidentiary errors of the state district court deprived him of a fair trial. Petitioner also challenged the upward-departure sentence by Judge Wieners as invalid. The Minnesota Court of Appeals affirmed the convictions, but remanded for resentencing consistent with Blakely v. Washington, 543 U.S. 296 (2004), and Taylor v. State, 670 N.W.2d 584 (Minn. 2003). See State v. Pugh, No. A04-663, 2005 WL 1019023 (Minn. Ct. App. May 3, 2005). Both the Petitioner and Respondent asked the Minnesota Supreme Court to review the decision by the Minnesota Court of Appeals. On July 19, 2006, the Minnesota Supreme Court remanded Petitioner's case back to the state district court for resentencing.[1] See Docket No. 10.

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state

---

[1] Petitioner's claim that cumulative evidentiary errors by the state district court deprived him of a fair trial has been exhausted because the Minnesota Supreme Court denied his petition for further review regarding this claim.

remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose, 455 U.S. at 518-19.

To exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66.  See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

In this case, Petitioner's habeas claim regarding his sentencing has not been exhausted since the issue of his sentencing is presently before the district court.  As such, Petitioner's mixed petition should be dismissed for non-exhaustion.

## **RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED Vernon Lee Pugh's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1]

be **DISMISSED WITHOUT PREJUDICE** and that Motion to Dismiss Petition for Writ of Habeas Corpus [Docket No. 7] be **GRANTED**.

Dated: August 1, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 18, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.