UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vernon Lee Pugh,                                               Civil No. 06-2689 (PAM/JSM)

                Petitioner,

v.                                                                       **ORDER**

State of Minnesota,

                Respondent.

---

This matter is before the Court on Petitioner's Objection to the Report and Recommendation ("R&R") of United States Magistrate Judge Janie S. Mayeron, dated August 1, 2006. For the reasons that follow, the Court construes the Objection as a request to amend the Petition, which the Court grants.

In Olmsted County District Court, a jury convicted Petitioner of two counts of first-degree criminal sexual conduct. The trial court sentenced Petitioner to 180 months in prison, which was a 36-month upward departure from the presumptive sentence. Petitioner appealed the convictions and sentence. The Minnesota Court of Appeals affirmed the convictions but reversed the sentence in light of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and remanded the case to the trial court for resentencing. Both parties sought review in the Minnesota Supreme Court, which granted Respondent's request to review the sentencing issue but denied Petitioner's request to review his challenges to the convictions.

While the sentence was on appeal, Petitioner filed his Petition for Habeas Relief pursuant to 28 U.S.C. § 2254 on June 27, 2006. Respondent moved to dismiss the Petition

on July 17, 2006, because it contained both exhausted and unexhausted issues. However, two days later, the Minnesota Supreme Court ruled on the pending appeal in Petitioner's favor and remanded the case to the trial court for resentencing. Although Respondent summarily forwarded this information to the Court, it failed to explain that the impact of the ruling meant that Petitioner's <u>Blakely</u> claim was no longer unexhausted.[1] Petitioner has not been resentenced.

The R&R recommended dismissing the Petition without prejudice. Petitioner timely objected to the R&R, asking the Court to consider his "issues other than the <u>Blakely</u> issue." (Docket No. 12.) Although Petitioner did not formally request leave to amend his Petition, the Court will construe the Objection as such. <u>See</u> <u>Kozohorsky v. Harmon</u>, 332 F.3d 1141, 1143-44 (8th Cir. 2003); <u>Thornton v. Phillips County</u>, 240 F.3d 728, 729 (8th Cir. 2001). Petitioner is ordered to file an amended petition containing only his non-<u>Blakely</u> claims by December 13, 2006.[2] The Court will reserve ruling on Respondent's Motion to Dismiss and the R&R until that time.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Request to Amend the Petition (Docket No. 12) is **GRANTED**. Petitioner must file an amended petition containing

---

[1] Rather, the claim is moot because Petitioner pursued the claim through the highest state court and prevailed.

[2] This case presents an unusual procedural posture. The Court consequently finds it appropriate to clarify that this Order is not intended to preclude Petitioner from challenging his forthcoming sentence in a future habeas proceeding.

only his non-Blakely claims by December 13, 2006.  The Court reserves ruling on Respondent's Motion to Dismiss and the R&R until that time.

Dated: November 13, 2006

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge